PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2004 Dodge Ram pickup truck struck a ditch on County Route 21 near Sissonville, Kanawha County. County Route 21 is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:00 p.m. on July 12, 2009. County Route 21 is a paved, two-lane road with one lane traveling in each direction. The speed limit is forty miles per hour. Claimant testified that he was driving at approximately thirty-five miles per hour when his vehicle struck a ditch that was cut across the road. The ditch was approximately 24 inches long and five inches deep. Claimant stated that he had driven on this road ten days prior to the incident. Although Claimant was aware that there were ditches being cut across the road, he had not seen the ditch at this particular location. Further, he stated that the ditches that he had seen prior to this incident were covered with metal plates. He stated that there were no warning signs at the location of this incident. As a result, Claimant needed to have the vehicle re-aligned totaling $74.85.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 21 at the time of the incident. Danny Tucker, Highway Administrator II for Respondent in theNorth Charleston section ofK’anawha County, testified that he is familiar with the area where Claimant’s incident occurred. He stated that West Virginia American Water had created cross cuts in the road to replace the water lines. The DOH 12, a record of Respondent’s daily work activity, indicates that on July 18, 2009, a crew was called to cover a cross cut on County *114 Route 21 with stone. He stated that, normally, the contractor is responsible for placing metal plates over the cross cuts. Mr. Tucker was unaware of whether Respondent had a hold harmless provision in its permit with West Virginia American Water.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the ditch which Claimant’s vehicle struck and that it presented a hazard to the traveling public. The size of the ditch and its location on the travel portion of the road leads the Court to conclude that Respondent was negligent. The Court is aware that Respondent’s permit with the third-party contractor may have a hold harmless or indemnity clause. Thus, Respondent may seek to be reimbursed for any damages for which it is found responsible.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $74.85. Award of $74.85.